UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRACEY EMERSON; DENNIS M. CARTER,

                Plaintiffs,

-against-

NYCHA,

                Defendant.

20-CV-1552 (CM)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP APPLICATION

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiffs bring this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiffs submitted the complaint without the filing fees or IFP applications. By order dated February 24, 2020, the Court directed Plaintiffs to either pay the $400.00 in fees or each Plaintiff must complete, sign, and submit an IFP application, within thirty days of the date of that order. On March 5, 2020, Plaintiff Tracey Emerson filed an IFP application (ECF No. 4), and on March 6, 2020, Plaintiff Dennis Carter filed an IFP application (ECF No. 3.)[1]

    Plaintiffs' IFP applications are insufficient to establish that they are unable to pay the filing fees. Plaintiffs do not fully answer the questions pertaining to their financial situations. In question 3, Plaintiffs check the boxes indicating that they do not receive income from any of the listed sources, but they fail to complete the question by explaining how they pay their expenses. In question 6, Plaintiffs, who reside in an apartment in Bronx County, state that they do not have

---

[1] Both IFP applications are substantively the same.

housing, transportation, utilities, or other monthly expenses. Because Plaintiffs' IFP applications do not supply sufficient information explaining each Plaintiff's sources of income, and how each Plaintiff pays their expenses, it is unclear whether Plaintiffs have sufficient funds to pay the filing fees for this action.

Within thirty days of the date of this order, Plaintiffs must either pay the $400.00 in fees or each Plaintiff must submit an amended IFP application. If Plaintiffs submit the amended IFP applications, they should be labeled with docket number 20-CV-1552 (CM), and address the deficiencies indicated above by providing facts establishing that each person is unable to pay the filing fees.[2] Plaintiffs must answer each question on the amended IFP applications, state all sources of income and all monthly expenses, and describe how each person is able to support themselves. If the Court grants the amended IFP applications, Plaintiffs will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to mail a copy of this order to Plaintiffs and note service on the docket. No summons shall issue at this time. If Plaintiffs comply with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiffs fail to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[2] For Plaintiffs' convenience, two amended IFP applications are attached to this order.

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: March 10, 2020
       New York, New York

                                            COLLEEN McMAHON
                                     Chief United States District Judge